## Cote and others *v.* Moffitt.

*(Circuit Court, D. Massachusetts. July 2, 1881.)*

1. RE-ISSUE No. 7,356—BOOT AND SHOE STIFFENING MACHINE—ANTICIPATION—VALIDITY—INFRINGEMENT.

Re-issued letters patent No. 7,356, granted October 24, 1876, to Louis Coté, for machinery for forming boot and shoe stiffeners, *held, not anticipated* by letters patent No. 63,550, granted John R. Moffitt, April 2, 1867, for apparatus for molding and vulcanizing articles of rubber, and letters patent No. 135,150, granted January 21, 1873, to John Pearce, for machine for bending sheet metal; also, *held valid*, and *infringed* by machines constructed under letters patent No. 178,869, granted June 20, 1876, to John R. Moffitt, for process and machine for manufacturing counter-stiffeners for boots and shoes.

**2. SAME—SAME—INFRINGEMENT.**

   Complainants' invention, consisting of a machine for making stiffeners for boots and shoes, having a single roller, whose head, rounded or curved to the required shape, and roughened, seizes the stiffener blank, and forces it to pass between such roller-head and a stationary concave mold, or die, conforming in shape to such head, *held, infringed* by defendant's combination, which embodies such device as one of its elements.

In Equity.

*Chauncey Smith* and *Thomas L. Wakefield,* for complainants.

*B. F. Butler, E. F. Hodges,* and *J. E. Maynadier,* for defendant.

LOWELL, C. J. The plaintiff Coté is the patentee and general owner, and the other plaintiffs are licensees under him, of the reissued patent No. 7,356; the original having been issued in February, 1874. This is one of three suits betweeen the same parties. The first, which I decided some time since, was brought by the now defendant upon his patent No. 127,090, granted in 1872, and I held that the machine of Coté did not infringe that patent. Since the date of Coté's patent another has been taken out by the defendant, in which he claims certain improvements in machinery, and likewise a process. I have this day decided that the claim for a process cannot be sustained.

The subject-matter of these several patents is the machinery and processes for making counters or stiffeners of leather, or leather board, for boots and shoes. The defendant's patent of 1872 described a machine for doing this work by the joint action of several rollers; the Coté machine has a single roller, which has a head or end rounded or curved to the required shape, and roughened, which seizes the counter blank and forces it to pass between the head of the roller and a stationary concave mold or die, conforming in shape to the head or "former." I said in the first case that this was the first machine which appeared to be capable of doing the work efficiently. The material is one which requires very great pressure to be exerted upon it in order that the shape given to the counter shall be permanent. I thought that the defendant's machine of 1872 could not be made to exert pressure enough to be of much practical value. A good deal of evidence has been introduced into this case to prove that I was mistaken, and that counters can be made upon this machine, if certain changes are made in it, which, it is said, a skilled workman would readily see the need of and supply. However this may be, the operation of the Coté machine in forcing the material through a stationary mold by a single roughened "former" is better, and is different. I see no reason to say that the difference is not enough to support

Coté's patent if Moffitt's machine of 1872 will do everything which his witnesses say it will do.

Two machines for working upon thin strips or plates of sheet metal are introduced as anticipating the Coté invention,—one made by the defendant in 1867, and one patented by Pearce in 1873. These machines seized the metal between two rollers and carried it round a guide-or "former," which gave it the required curve. I do not find it proved that such a guide or former would give a permanent curve to leather or leather board, nor that the single roughened roller of Coté is the equivalent, in such a machine, of the two rollers used in the old machines.

The infringement charged against the defendant is in the construction and use of machines substantially like those described in his patent of 1876. That patent describes several improvements upon all old machines, but they seem to be additions to the Coté machine rather than total variations from it. The machines complained of have the single roughened former and the stationary mold or die of the patent in suit, and seem to me to operate in the same way, and to infringe the patent.

Decree for the complainants.